**STATE, ex rel. SAXBE, Attorney General, Relator, v. ALEXANDER et, Respondents.**

Ohio Appeals, Tenth District, Franklin County.

No. 5982. Decided September 30, 1958.

William Saxbe, Atty. Genl., Hugh A. Sherer, Chief Counsel, Columbus, for relator.

Squire, Sanders & Dempsey, Henry J. Crawford, Bruce S. Lane, of Counsel, Cleveland, Vorys, Sater, Seymour & Pease, Carl H. Tangeman, of Counsel, Columbus, for respondents.

Chester H. Hummell, Asst. Atty. Genl., Columbus, for respondent Richard M. Larimer.

## OPINION

Per CURIAM.

This matter comes on for consideration upon a demurrer to the petition. Relator is the Attorney General of Ohio, William Saxbe, suing in his official capacity. Respondents are The Ohio Underground Parking Commission, hereinafter called the Parking Commission and the individual members thereof.

The action now before us is an original petition in quo warranto filed in this court seeking to oust the individual members of the Parking Commission from their jobs and seeking to have the act which created the Parking Commission declared to be unconstitutional.

As this is a decision upon a demurrer, the court must look to the allegations of the petition, assuming them to be true. Further, the court must give every possible presumption in favor of the validity of an act of the legislature. The motives of the legislature in passing this act are not for us to weigh in arriving at the answer to the pending questions.

Obviously then, we can not take judicial notice of an engineering report filed with a city and county local planning board by which it is sought to show that the legislature had improper and wrong motives in passing the act creating the Parking Commission. Such reports are not within the proper scope of judicial notice, but even if they were, judicial notice is a form of evidence and evidence is not called for or proper in deciding a demurrer.

Much attenton has been given in the various pleadings and briefs to the matter of exemption from taxes and assessments of the property of the Parking Commission. It has not been pointed out to us that the Parking Commission at this time owns any property and even if it did own property, there are methods other than quo warranto for determining whether or not it is tax exempt. That question is not properly before the court and will not be considered here.

One of the main objections raised against the act creating the Parking Commission is that it violates the **Ohio Constitution, Article II, Section 26,** which provides: "All laws, of a general nature, shall have a uniform operation throughout the state." Numerous cases have been cited by counsel and these authorities have been carefully considered.

The trouble with the authorities cited is that there are vast differ-

ences in the facts which weaken them when applied to the facts alleged in the petition in this case considered in light of the. provisions of Chapter 5538 R. C., creating the Parking Commission.

The same may. be said of the arguments relative to the other main objection that said Chapter 5538 R. C., is a special act conferring corporate powers contrary to the provisions of the **Ohio Constitution, Article XIII, Section 1.**

Totally absent are arguments concerning debt limitations such as made in **State, ex rel. Public Institutional Building Authority v. Griffith, 135 Oh St 604; State, ex rel. Public Institutional Building Authority v. Neffner, 137 Oh St 390; State, ex rel. State Bridge Commission v. Griffith, 136 Oh St 334 and Kasch v. Miller, 104 Oh St 281.**

This is not the first time said **Chapter 5538 R. C.,** has been under attack. In **Grandle v. Rhodes, 166 Oh St 108,** a majority of the judges of the Ohio Supreme Court felt the expenditure of state highway funds for a study for the Parking Commission violated the **Ohio Constitution, Article XII, Section 5a,** but felt it could not declare it unconstitutional since it lacked the necessary six votes to do so. Later, upon rehearing in the same case, **Grandle v. Rhodes, 166 Oh St 197,** the Supreme Court of Ohio decided it was a matter of interpretation and so blocked this expenditure. More recently in the case of the **State, ex rel. Underground Parking Commission v. Alexander, 167 Oh St 359,** the Ohio Supreme Court declined to pass on questions therein raised, holding that an official who could be fired need not be mandamused and hence mandamus would not lie.

As before stated, this court has given careful consideration to the arguments in the briefs and the authorities cited but does not feel they are sufficient to overturn this act of the legislature. In our opinion, therefore, the demurrer to the petition should be sustained and it is so ordered.

This court is not unmindful of the fact that this case having been originally filed in this court may be appealed as a matter of right. Further, that it involves important constitutional questions and would appear to be of great public or general interest and hence may and probably will have a further review on appeal. Any extended or detailed consideration here would serve no useful purpose.

It apparently has been assumed that quo warranto is an appropriate remedy for raising the several questions argued in the briefs. It should be clearly understood that we express no opinion on this question. In view of the conclusions we have reached there would appear to be no useful purpose in entering into a discussion of this aspect of the case.

Demurrer. to the petition sustained.

PETREE, PJ, BRYANT and MILLER, JJ, concur.